**Opinion filed April 7, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00040-CR

_____

## LITTLE JOHN WINFIELD, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR30658**

## M E M O R A N D U M   O P I N I O N

The trial court originally convicted Little John Winfield of the offense of felony driving while intoxicated and placed him on community supervision. The trial court subsequently revoked the community supervision and assessed punishment at confinement for ten years. We dismiss the appeal.

Appellant's sentence was imposed on December 16, 2010. Appellant did not file a motion for new trial. Appellant's pro se notice of appeal was filed on January 20, 2011, 35 days after the date sentence was imposed. Upon receiving the clerk's record, this court notified the

parties by letter dated February 15, 2011, that the notice of appeal appeared to be untimely. We requested that appellant respond and show grounds for continuing this appeal. We also informed appellant that the appeal may be dismissed for want of jurisdiction.

Appellant has responded to our letter by filing, on March 31, 2011, a motion to permit late filing under TEX. R. APP. P. 26.3. Rule 26.3 mandates that the notice of appeal and the motion for extension must be filed within fifteen days after the deadline for filing the notice of appeal. Pursuant to TEX. R. APP. P. 26.2(a)(1), a notice of appeal is due thirty days after the day sentence is imposed. In this case, the due date was January 18, 2011. Appellant's motion for extension of time was not filed within fifteen days of January 18 and was, therefore, not timely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain the appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). We are also without jurisdiction to grant a motion for extension that is filed more than fifteen days after the date that the notice of appeal was due. *Olivo*, 918 S.W.2d 519.

Accordingly, appellant's motion to permit late filing under Rule 26.3 is overruled, and the appeal is dismissed for want of jurisdiction.

PER CURIAM

April 7, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.